IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES F. LEVET, | ) | CASE NO. 1:14CV1378 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

Plaintiff Charles F Levet ("Plaintiff") challenges the final decision of Defendant, Carolyn M. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Doc. 1. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2(b)(1).

Plaintiff has requested leave to proceed *in forma pauperis* ("IFP") in this matter. For the reasons set forth below, the Court should **DENY** the Plaintiff's IFP motion (Doc. 2) and Plaintiff should be required to pay the filing fee in this matter.

**I. Relevant background**

On June 24, 2014, Plaintiff, through counsel, filed his Complaint and a motion to proceed IFP. Docs. 1 & 2. In the affidavit and application in support of his IFP motion, Plaintiff indicated that his average monthly income from retirement sources is $1,243.00 and that his

1

spouse's average monthly income from employment is $3,138.34, i.e., Plaintiff and his spouse have a joint yearly income of $52,576.08. Plaintiff indicated that he and his spouse own a home worth $112,000 and three vehicles: a 2012 Chrysler Town and Country valued at $18,000; a 2002 Chevrolet Impala valued at $2,000; and a 2000 Ford Windstar valued at $800.00. Plaintiff also indicated that he has $1,285 in checking and savings and he has his spouse have $27.36 cash on hand.

Plaintiff states that his monthly expenses are $1,143 and his spouse's monthly expenses are $3,241.36. These expenses include $542 in monthly credit card payments to PNC and Capitol One. Plaintiff also states that he has two children, a 20-year-old daughter and a 15-year-old son. Plaintiff states that he provides $800 a month in support to each of his children.

## II. Law and Analysis

Pursuant to 28 U.S.C. §1915, this Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988)). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.*

In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered "his or her other financial resources, including resources that could

2

be made available from the applicant's spouse, or other family members," as well as equity in real estate and automobiles. *Helland v. St. Mary's Duluth Clinic Health Sys.*, No. 10-31, 2010 WL 502781, at *1, n1 (D. Minn. Feb. 5, 2010); *Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 WL 5457466, at *2 (E.D.Mich. Oct, 16, 2012); *see also Reynolds v. Crawford*, No. 1:01-cv-877, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009) ("The case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed *in forma pauperis*.") (collecting cases); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (Table Decision) ("If the plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts."). The decision whether to permit a litigant to proceed IFP is within the Court's discretion. *Id.*

Here, Plaintiff's application reflects that he and his spouse have income of $4,381.34 a month, or $52,576.08 a year.[1] Plaintiff also owns three vehicles, one of which is relatively new and worth $18,000; the other two are worth $2,000 and $800. He indicates that the family has a home worth $112,000 and that he has $1,285 in checking and savings, more than the cost of filing his complaint. In light of Plaintiff's income and assets, it appears Plaintiff possesses the financial ability to cover the costs of filing the complaint without undue financial hardship. Thus, this is a case where plaintiff must "weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims." *Behmlander*, 2012 WL 5457466 at *2. Financial ability has been found, and thus, IFP applications denied, where the applicant's income and

---

[1] Notably, plaintiff and his spouse's yearly income far exceeds the 2013 Poverty Guideline for a family of four people, which is $23,550. *See* http://aspe.hhs.gov/poverty/13poverty.cfm#guidelines. Although not the required standard for determining entitlement to IFP status, these guidelines are used to determine financial eligibility for certain federal programs and, at the very least, provide some guidance with respect to whether an individual is in poverty and, thus, likely unable to pay the filing fee.

assets were less than those shown in this application. *Ciavarella v. Comm'r of Soc. Sec.*, 5:13-CV-2031, 2013 WL 5354091 (N.D. Ohio Sept. 24, 2013) (J. Gwin) (denying IFP application where plaintiff reported no future monthly income but $9,549 in checking and savings accounts as well as a home worth $166,000 and a 401K account worth $25,315.37.); *Behmlander*, 2012 WL 5457466 at *2 (denying IFP application where monthly income was $2,500 and ownership interest in house was valued at $3,000); *Powell v. Harris,* No. 1:08–CV–344, 2008 WL 4279494, at *3 (N.D.N.Y. Sept. 15, 2008) (denying IFP application where the plaintiff earned $18,200 per year and had $1,500 in his savings account); *Brown v. Dinwiddle,* 280 Fed. App'x 713, 715–16 (10th Cir.2008) (denying IFP application where plaintiff had $850 in his savings account and could thus afford the $455 filing fee for his appeal).

### III. Conclusion

For the foregoing reasons, the Court should **DENY** Plaintiff's motion to proceed IFP and require Plaintiff to pay the filing fee in this matter.

Dated:  June 26, 2014

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

[11] This