UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
```
                                                  :
CHARLES LEVET                                     :
                                                  :    CASE NO. 1:14-CV-1378
                Plaintiff,                        :
                                                  :
vs.                                               :    OPINION & ORDER
                                                  :    [Resolving Doc. Nos. 1, 17]
COMMISSIONER OF SOCIAL                            :
SECURITY ADMINISTRATION,                          :
                                                  :
                Defendant.                        :
```
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Social Security benefits case, Plaintiff Charles Levet objects to Magistrate Judge Burke's Report and Recommendation ("R&R").[1] The R&R recommends affirming the Social Security Commissioner's ("Commissioner") denial of disability benefits.[2] Because the Administrative Law Judge ("ALJ") had substantial evidence supporting her decision, the Court **ADOPTS** Magistrate Judge Burke's R&R and **AFFIRMS** the Commissioner's denial of benefits.

## I. Background

In October 2011, Plaintiff Levet Applied for Disability Insurance Benefits ("DIB").[3] Levet alleged that his disabilities began on November 2, 2009.[4] Levet suffered from a fractured left hip.

On January 10, 2012, the Social Security Administration denied Plaintiff's application by letter.[5] On March 5, 2012, the Social Security Administration denied Plaintiff's application on

---

[1] Doc. 17. Defendant responded. Doc. 18.
[2] Doc. 16.
[3] Doc. 12 at 153.
[4] *Id.*
[5] *Id.* at 101.

Case No. 1:14-CV-1378
Gwin, J.

reconsideration.[6]

On January 8, 2015, Plaintiff Levet had a hearing in front of ALJ Kleber.[7] On February 15, 2013, the ALJ denied Plaintiff's application after reviewing medical records and testimony.[8] The ALJ determined that Plaintiff Levet could perform work in several job positions.

On March 11, 2013, Levet requested review of the ALJ's decision by the Appeals Council.[9] On April 23, 2014, the Appeals Council denied review, making the ALJ's decision final.[10]

On June 24, 2014, Plaintiff Levet filed a complaint in this Court.[11] The Court transferred the case to Magistrate Judge Burke under Local Rule 72.2.[12]

On September 10, 2015, Magistrate Judge Burke recommended that this Court affirm the Commissioner's denial of benefits to Plaintiff.[13] Magistrate Judge Burke reviewed the administrative record and the briefs of the parties before issuing her R&R.

On September 24, 2015, Plaintiff Levet objected to the R&R.[14] The case is now ripe for decision.

## II. Standard of Review

The Federal Magistrates Act requires a district court to conduct *de novo* review of objections to the R&R.[15] A final Social Security ALJ decision is not, however, reviewed *de novo*. A district court only determines whether the ALJ's decision is "supported by substantial evidence and was

---

[6] *Id.* at 108.
[7] *Id.* at 44–78.
[8] *Id.* at 25.
[9] *Id.* at 24.
[10] *Id.* at 4.
[11] Doc. 1.
[12] Non-Doc. Entry dated June 24, 2014; Local Rule 72.2.
[13] Doc. 16.
[14] Doc. 17.
[15] 28 U.S.C. § 636(b)(1).

Case No. 1:14-CV-1378
Gwin, J.

made pursuant to proper legal standards."[16]

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion."[17] The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence.[18] In deciding whether substantial evidence supports the ALJ's decision, a court should not try to resolve conflicts in evidence or decide questions of credibility.[19] The district court may look into any evidence in the record, regardless of whether it has been cited by the ALJ.[20] When substantial evidence supports the ALJ's decision, a court may not reverse, even if the court would have made a decision different than the ALJ made.[21]

To establish disability under the Social Security Act, Plaintiff must show that he cannot engage in any substantial gainful activity because of a "medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months."[22] Plaintiff's impairment must prevent him from doing his previous work or any other work existing in significant numbers in the national economy.[23]

### III.  Discussion

Plaintiff Levet raises two objections to the R&R. Plaintiff previously raised both of these objections as arguments in his merits brief.[24] Essentially, Plaintiff argues 1) that the ALJ's decision

---

[16] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[17] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).
[18] *See id.*
[19] *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[20] *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).
[21] *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).
[22] *See* 42 U.S.C. 423(d).
[23] *Id.*
[24] Doc. 14 at 4–8.

Case No. 1:14-CV-1378
Gwin, J.

to not fully credit Plaintiff's testimony was not supported by substantial evidence, and 2) that the ALJ's calculation of Plaintiff's Residual Functional Capacity ("RFC") was not supported by substantial evidence.[25]

Magistrate Judge Burke considered these arguments in her R&R. After *de novo* review, the Court agrees that both objections lose.

*The ALJ's Credibility Determination*

Plaintiff argues that "the Magistrate's decision that Plaintiff's statements concerning . . . his symptoms are not entirely credible is not supported by substantial evidence."[26] However, the ALJ's decision to not fully credit Plaintiff's testimony was supported by substantial evidence, making the R&R correct on this point.

The evidence supporting the ALJ's credibility determination includes: 1) the opinion of Plaintiff's treating orthopedist, Dr. Wilber, that, for arthritis, Levet "should work on stretching, strengthening and non-impact activities";[27] 2) a CT scan which showed "no significant degenerative change . . . of the left hip";[28] 3) Dr. Hanes' report that "Levet's pelvis was symmetrical, his lumbar lordotic curvature was normal, his range of motion was normal, and straight leg raising was negative bilaterally";[29] 4) the same report indicating that though Levet "had tenderness to palpation in his ischial tuberosity on his left side and in his left gluteal area . . .[t]here was no evidence of spasm or any trigger points";[30] 5) Plaintiff's testimony about carrying a 20-pound bag of rock salt up and down Plaintiff's 60-foot snow-covered driveway; and 6) Plaintiff's lack of treatment with pain

---

[25] Doc. 17 at 1–3.
[26] *Id.* at 1.
[27] Doc. 12 at 334.
[28] *Id.* at 34.
[29] Doc. 16 at 4 (citing Doc. 12 at 319).
[30] *Id.*

-4-

Case No. 1:14-CV-1378
Gwin, J.

medication or any other treatment beyond physical therapy and stretching."[31]

Furthermore, The ALJ had the opportunity to observe Plaintiff's demeanor on the witness stand in addition to reviewing the record. It is not this Court's role to make new credibility determinations from an administrative record.[32] Therefore, the R&R was correct in finding that the ALJ's credibility determination was supported by substantial evidence.

*Plaintiff's RFC*

Plaintiff Levet argues that "the Magistrate should have found that the ALJ's decision that Plaintiff can sustain work activity is not supported by substantial evidence, given Plaintiff's pain complaints and pain patterns."[33] In this case the RFC indicated that Plaintiff could perform some light work and that his previous training as an electrician made him eligible for work in several job positions.[34]

The ALJ's use of the RFC was supported by substantial evidence. The ALJ relied on medical reports, Plaintiff's testimony, and the testimony of a Vocational Expert in determining that Plaintiff Levet could perform some work.[35] As explained above, Plaintiff's argument that the ALJ did not sufficiently credit Plaintiff's reports of pain loses.

There is some evidence that Plaintiff would need to take some number of breaks for an undetermined period of time during a regular workweek.[36] However, such evidence is not enough to contradict the evidence that indicated that Plaintiff could perform some work. Therefore, the R&R was correct in finding that the ALJ's use of the RFC was supported by substantial evidence.

---

[31] Doc. 12 at 35–36.
[32] *See Beavers v. Sec'y of Health, Ed. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978).
[33] Doc. 17 at 3.
[34] Doc. 12 at 83–88.
[35] *Id.* at 70–73.
[36] Doc. 12 at 320.

Case No. 1:14-CV-1378
Gwin, J.

## IV.  Conclusion

For the reasons above, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** Magistrate Judge Burke's R&R, and **AFFIRMS** the Commissioner's denial of benefits.

IT IS SO ORDERED.


Dated: November 9, 2015               s/        *James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE